McKinney, J.
delivered the opinion of the court.
This was a motion for judgment against the sheriff of Davidson county, for the “insufficient return” of an execution, issued from the circuit court of said county, upon a judgment in favor of the plaintiff in error, for one hundred and sixty-seven dollars and ninety-eight cents. The execution was issued on the 30th of June, 1849, returnable to the term of said court commencing on the 10th day of September following. The return endorsed on the back of the] execution, is as follows: “ came to hand same day issued, and levied upon one negro boy, Jim, about ten years of age, agreed to be worth four hundred dollars. August 31st, 1849.
“L. W. Fussell, D. Sheriff.”
There is exhibited, in the bill of exceptions, a paper purporting to be the copy of a delivery bond taken by *245 the sheriff, at the time of the levy, for the delivery of the slave levied upon, at the market house, in Nashville, on the 10th day of September, 1849. Upon which paper is this endorsement: “This bond forfeited. Sept. 10th, 1849. L. W. Fussell, D. Sheriff.”
The first inquiry is, can this paper, with its endorsement, be regarded, or looked to for any purpose, in considering the question, whether or not the present motion be maintainable? We think, it cannot; and that the question must depend alone upon the facts appearing from the face of the return.
The return of an execution is the statement by the sheriff, certified to the court, under sanction of his oath and official responsibility, of what he has done touching the execution of the writ. This is the only method, known to the law, by which the return of the process, or the proceedings thereon, can be made appear to the court. The return must be full and complete in itself, embracing every matter required to be stated. If a delivery bond were taken and forfeited, these facts form a proper and necessary part of the return; and their existence can be known to the court only from the certified return of the sheriff upon the writ. Therefore, in a proceeding directly impeaching the sufficiency of such return, and seeking to hold the sheriff responsible on account thereof, it is not admissible to look beyond the return, to any éxtrinsie matter, in aid of its defects.
The remaining question is in respect to the sufficiency of the return in the present case. To be “sufficient,” within the meaning of the statute, the return must show, upon its face, either that the command of the writ has been fully complied with; or, if not, the *246 existence of such a state of facts as without fault or negligence on the part of the sheriff, prevented a compliance therewith.
In the case before us, the return shows that the sheriff, in the proper discharge of his duty, might have made the money as required; and no cause whatever is assigned for his failure to do so. On the 31st day of August, the execution was levied on a slave of value more than sufficient to have satisfied the judgment. The law presumes that the slave was taken into possession by the sheriff. He became vested with the title, and the judgment, in legal contemplation, was thereby satisfied. It was then the duty of the sheriff to have sold the slave; and, from the facts before us, there was sufficient time to have done so. The execution not being returnable until the 10th day of September, ten entire days intervened between the day of levy and the return-day; including the one and excluding the other. The sheriff might have advertised on the day of the levy, and as he had the whole of the return-day to deliver the execution into the court whence it issued, the sale might have been made on that day, at any time during the legal hours of sale. For this palpable neglect of duty, no excuse is offered in the sheriff’s return.
We think, therefore, that the circuit judge erred in refusing the motion; and the judgment will be reversed, and judgment rendered here against tho sheriff, but not against his sureties because no copy of their bond is exhibited in the record.